UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM GILHAUS, et al.,

          Plaintiffs,

v.                                    Case No. 15-2619-JAR

GARDNER EDGERTON UNIFIED SCHOOL
DISTRICT NO. 231, et al.,

          Defendants.

## **ORDER**

This case is before the court on the motions of non-parties Danedri Herbert and Deborah Hickman (ECF docs. 100 and 108, respectively) to quash subpoenas for their depositions and the production of documents, on the grounds that the subpoenas issued by plaintiffs supposedly violate the Kansas journalist privilege, codified in K.S.A. § 60-480 *et seq.* Ms. Herbert and Ms. Hickman filed the motions without first complying with the "meet-and-confer" requirements of D. Kan. Rule 37.2.  Given the state of the record, while the court has serious reservations about the merits of one of the motions, both are denied.  Although the court could decline to give Ms. Herbert, Ms. Hickman, and their experienced counsel a second bite at the apple, the court will exercise its discretion and deny these motions without prejudice to their being re-filed if that really becomes necessary after counsel have met and conferred consistent with the above-cited local rule.

To be clear, D. Kan. Rule 37.2 provides:

The court will not entertain any motion to resolve . . . a motion to quash or

1

modify a subpoena pursuant to Fed. R. Civ. P. 45(c),[1] unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.

A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.

The obvious purpose of Rule 37.2 is to encourage parties to satisfactorily resolve their discovery disputes before resorting to judicial intervention.[2] "Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute the parties themselves could have resolved, it must needlessly expend resources it could better utilize elsewhere."[3]

There is nothing in the record indicating Ms. Herbert or Ms. Hickman made *any* attempt to comply with this rule prior to seeking court intervention. The court therefore denies the motions to quash. If, after conferring, the parties are unable to resolve their

---

[1] The 2013 amendments to Rule 45 moved the provisions formerly in subdivision (c) to subdivision (d). *See* Fed. R. Civ. P. 45 advisory committee's notes to the 2013 amendment ("Subdivision (d) contains the provisions formerly in subdivision (c).").

[2] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999); *VNA Plus, Inc. v. Apria Healthcare Grp., Inc.*, No. 98-2138, 1999 WL 386949, at *1 (D. Kan. June 8, 1999) (citing *Nave v. Artex Mfg., Inc.*, No. 96-2002, 1997 WL 195913, at *1 (D. Kan. Apr. 16, 1997)).

[3] *Manheim Auto. Fin. Servs. v. Guthrie*, No. 06-2298, 2007 WL 977558, at *1 (D. Kan. Mar. 30, 2007) (citing *Pulsecard, Inc. v. Discover Card Servs.*, 168 F.R.D. 295, 302 (D. Kan. 1996)).

disputes, Ms. Herbert and Ms. Hickman may reassert their motions by **September 19, 2016**.

To the extent the motions are re-filed, the court respectfully reminds counsel that pursuant to D. Kan. Rule 37.1(a), "[m]otions under Fed. R. Civ. P. 45(c) directed at subpoenas must be accompanied by a copy of the subpoena in dispute." Additionally, should the motions be re-filed, the motions will be subject to expedited briefing, with responses and replies due **September 26, 2016** and **September 30, 2016**, respectively. Finally, the court notes that the reply filed by Ms. Hickman in support of her motion to quash (ECF doc. 127) was untimely under the expedited briefing schedule set forth in this court's order entered August 15, 2016.[4] Any future untimely briefing will be not be considered by the court.

IT IS SO ORDERED.

Dated September 12, 2016, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[4] ECF doc. 113.